**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANTOS MAYRA BERRIOS-
RODRIGUEZ, AKA Mayra Berrillo-
Rodriguez, AKA Mayra Berrios-Rodriguez;
ELVIN AYALA-AYALA,

        Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   15-70701

Agency Nos.   A088-346-422
                A088-346-423

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2021[**]

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Santos Mayra Berrios-Rodriguez and Elvin Ayala-Ayala, natives and

citizens of El Salvador, petition for review of the Board of Immigration Appeals'

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying Berrios-Rodriguez's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

Ayala-Ayala is a derivative asylum applicant based on his marriage to Berrios-Rodriguez. He submitted an independent application on his own behalf but did not appeal the IJ's denial of that application to the BIA. Also, as the BIA observed, Petitioners did not meaningfully challenge the IJ's denials of withholding of removal or CAT protection before the BIA. We lack jurisdiction to consider those issues. *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the agency's conclusion that the harm inflicted on Berrios-Rodriguez by her ex-boyfriend did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) ("Because persecution is an extreme concept, it does not include every sort of treatment our society regards

as offensive." (internal quotation marks omitted)); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("We have been most likely to find persecution where threats are repeated, specific and combined with confrontation or other mistreatment." (internal quotation marks omitted)).

The record does not support Petitioners' contention that the agency failed to consider evidence other than the single incident of violence that Berrios-Rodriguez suffered. The BIA's and the IJ's decisions both expressly refer to that evidence.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**